## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Brenda Hester,**

        **Plaintiff,**

**v.**                                                                           Case No. 03-2447-JWL

**Wal-Mart Stores, Inc.,**

        **Defendant.**

## ORDER

On September 27, 2005, the court conducted a limine conference and motion hearing in this case. At the hearing, the court retained under advisement that portion of defendant's motion in limine (doc. 181) seeking to exclude any reference to any video tapes destroyed by defendant. The court deferred ruling on this issue pending a more thorough review of the parties' briefing on plaintiff's related motion for sanctions. The court has now reviewed plaintiff's motion for sanctions, defendant's response thereto, plaintiff's reply to the response and all relevant exhibits filed in support of the parties' arguments. The court has also considered carefully the arguments asserted by counsel during the motion hearing. As explained below, the court now grants defendant's motion and will not permit any reference to video tapes that defendant destroyed.

In her motion for sanctions, plaintiff seeks an adverse inference instruction regarding defendant's destruction of a surveillance video depicting the customer service area of Wal-Mart. As stated by plaintiff in her motion for sanctions, the customer service area "is where Brenda Hester alleges Wal-Mart Loss Prevention Specialist Derrick Dye assaulted and battered her." At the motion hearing, plaintiff also referenced defendant's destruction of a surveillance video

purportedly depicting the cash register at which plaintiff paid for her merchandise and where, according to plaintiff, Mr. Dye witnessed plaintiff pay for all merchandise.

In *Aramburu v. Boeing Co.*, 112 F.3d 1398 (10th Cir. 1997), the Tenth Circuit considered "the evidentiary doctrine of spoliation," and stated, as a general rule, that the "bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction." *Id*. at 1407 (citing *Coates v. Johnson & Johnson*, 756 F.2d 524, 551 (7th Cir. 1985)). The Circuit also stated that, because only the bad faith loss or destruction of a document will "support an inference of consciousness of a weak case," no adverse inference should arise from spoliation that is merely negligent. *Id*. (citing *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)).

When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party. *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 1998 WL 68879, at *4 (10th Cir. Feb. 20, 1998) (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267-68 (8th Cir. 1993); *Vazquez-Corales v. Sea-Land Serv., Inc.*, 172 F.R.D. 10, 13-14 (D.P.R. 1997) (collecting cases)). The court begins with the surveillance video of the customer service area. Assuming that defendant's degree of culpability is high (it is undisputed that the tape was destroyed and it appears from the record that Wal-Mart destroyed the tape after receiving notice from plaintiff's counsel to preserve the tape), the court nonetheless declines to apply the adverse inference in this case

because plaintiff has not demonstrated any actual prejudice. Plaintiff concedes that she has abandoned her assault and battery claim and she does not identify any specific reason why the video (or what might have been depicted on the video) is relevant to any of her remaining claims. She contends that the video would demonstrate the "hostility and different conditions" to which she was allegedly subjected, but that argument relates to plaintiff's section 1981 contract claim–a claim that has been dismissed by the court. *See* Memorandum & Order of December 17, 2004 at 11 n.4. Any conduct by Mr. Dye at the customer service area when plaintiff was returning her merchandise–after the detention and "arrest" were over–has no relevance to plaintiff's "full and equal benefits" claim as described in the supplemental pretrial order. See Supplemental Pretrial Order at 8 (alleging that Ms. Hester was denied the full and and equal benefit of laws concerning "criminal investigation, restoration of the peace, false imprisonment, freedom from unreasonable search and seizure, and detention for the purposes of shoplifting investigation"). Because plaintiff has not shown that she has suffered actual prejudice from Wal-Mart's destruction of the customer service surveillance tape, no adverse inference is warranted. *Cf. Rowe v. Albertsons, Inc.*, 2004 WL 2252064, at *2 (10th Cir. Oct. 7, 2004) (unavailability of a videotape showing the condition of the floor around the time of the accident was relevant to plaintiff's slip and fall negligence claim).

The court also declines to apply the spoliation doctrine with respect to the video of the cash register at which plaintiff paid for her merchandise as plaintiff has simply not met her burden of establishing that the video is relevant to her claims. *See Byrnie v. Town of Cromwell, Board of Education*, 243 F.3d 93, 108 (2d Cir. 2001) (to permit adverse inference, the court must

determine that the destroyed evidence would have been of the nature alleged by the party affected by its destruction and, for court to make that determination, the "prejudiced party" must produce some evidence suggesting that something relevant to substantiating his claim would have been included among the destroyed evidence); *see also Rowe*, 2004 WL 2252064, at *3 *See id.* at *3 (party asserting presumption must show the evidence's potential relevance).  As explained by defendant at the motion hearing, the video of the cash register was a "close-up shot" depicting only the cash register and drawer.  Defendant further explained that it routinely videotapes its registers in this fashion to prevent employee theft.  According to defendant, such surveillance tapes simply would not depict the customer standing at the register or anyone else in the vicinity.  Plaintiff has come forward with no evidence or argument to suggest otherwise.  Plaintiff has not, for example, submitted as evidence another  "cash register surveillance tape" that, in fact, depicts the customer or depicts a broader image than the image described by defendant.  Plaintiff, then, is not entitled to an adverse inference regarding this video tape.

For the foregoing reasons, the court grants defendant's motion in limine on this issue.

**IT IS THEREFORE ORDERED THAT** the portion of defendant's motion in limine (doc. 181) that was previously retained under advisement is now **granted**.

**IT IS SO ORDERED.**

4

Dated this 11th day of October, 2005, at Kansas City, Kansas.


                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge