IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Brenda Hester,

        Plaintiff,

v.                                                  Case No. 03-2447-JWL

Wal-Mart Stores, Inc.,

        Defendant.

**MEMORANDUM & ORDER**

Plaintiff Brenda Hester filed suit against defendant under 42 U.S.C. § 1981 alleging that defendant, on the basis of plaintiff's race, unlawfully denied her the right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. Specifically, plaintiff alleged that Derrick Dye, one of defendant's loss prevention associates, wrongfully detained plaintiff as she exited defendant's store in Atchison, Kansas. Plaintiff also asserted a claim for false imprisonment under Kansas state law based on the same facts. In October 2005, plaintiff's claims were tried to a jury over the course of five days and the jury returned a verdict in favor of defendant on both claims. On February 15, 2006, defendant requested the clerk to tax as costs the amount of $7,534.15. See Fed. R. Civ. P. 54(d); D. Kan. R. 54.1. Thereafter, the clerk filed a bill of costs taxing costs in the amount of $4,210.34. This matter is presently before the court on plaintiff's motion to disallow or reduce costs assessed (doc. 235). As set forth in more detail below, the motion is denied.

In support of her motion, plaintiff first asserts that the court should deny all costs as a sanction for defendant's "dilatory practices" during the discovery phase of this case. Plaintiff

directs the court to no authority supporting this suggestion and the court declines to follow it. While the allowance or disallowance of costs is within the sound discretion of the district court, the court's discretion is constrained by the fact that Rule 54 creates a presumption that the court will award costs to the prevailing party. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). When the court exercises its discretion and denies costs to a prevailing party, it must state a valid reason for doing so. *Id*. The court may deny costs when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult. *Id*. Denial of costs is a severe penalty, and therefore there must be some apparent reason to penalize the party if costs are to be denied. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997). The court is intimately familiar with the discovery practices referenced by plaintiff in her motion (the production of video surveillance tapes) and plaintiff has failed to persuade the court that those circumstances are sufficient to overcome the presumption that defendant, as the prevailing party, is entitled to costs, particularly where the costs requested by defendant bear no apparent relationship to the alleged discovery abuses. *See Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1076 (D. Kan. 2005) (denying plaintiff's request to award him all costs as a sanction for defendant's litigation tactics).

As an alternative to her request that the court deny all of defendant's costs, plaintiff objects to specific items taxed by the clerk as outside the scope of section 1920. Under federal law, 28 U.S.C. § 1920 allows the prevailing party to recover as costs:

(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part

>of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Tenth Circuit has instructed that the assessment of costs rests in the sound judicial discretion of the trial court. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). The court has no discretion to award items as costs that are not set out in section 1920. *See Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

*Costs Relating to the Depositions of Plaintiff's Treating Physicians*

Plaintiff objects to the taxation of all costs associated with the depositions of plaintiff's treating physicians (including witness fees; service fees; and the costs of copying medical records and deposition transcripts) on the grounds that plaintiff never claimed any special damages or medical injury relating to the incident at issue in the case and, thus, the depositions were unnecessary and mere fishing expeditions. The court rejects this contention. Plaintiff sought damages for emotional distress as a result of defendant's conduct and it was therefore entirely appropriate for defendant to explore plaintiff's medical history to ascertain whether any health-related factors caused or contributed to the emotional distress that plaintiff allegedly suffered. *See Owens v. Sprint/United Management Co.*, 2005 WL 147419, at *3 (D. Kan. Jan. 21, 2005) (costs relating to medical records appropriate to defend against claim for emotional distress; lack of medical injury irrelevant).

3

*Court Reporter Fees for Transcripts Necessarily Obtained for Use in Case*

Plaintiff objects to the taxation of costs incurred by defendant for copies of depositions of defendant's employees and the exhibits thereto. While plaintiff summarily asserts that these transcripts were not necessary for use in the case, plaintiff does not explain her argument and the court concludes that the clerk properly taxed these amounts as costs. A party is entitled to recover costs for copies of deposition transcripts if those depositions "appeared reasonably necessary for the preparation of, and use in, litigation at the time they were taken." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1341 (10th Cir. 1998). In *Callicarte*, the Tenth Circuit upheld an award of costs to the defendants for deposition transcripts of the defendants' employees where those depositions, like the ones challenged by plaintiff here, were initiated by the plaintiff. *Id.* ("[I]t was also reasonable for the defendants to request copies of the depositions initiated by Callicrate, especially in light of the fact that all of the individuals deposed by Callicrate were employees or representatives of one or more of the defendants.") As explained by the Circuit:

> We are . . . satisfied that the trial court properly found that the depositions for which costs are requested appeared reasonably necessary for the preparation of, and use in, litigation at the time they were taken. . . . The fact that ten depositions were not used by the parties or the court in . . . pretrial matters does not alter our thinking on this issue. Nine of these unused depositions were taken by Callicrate, and the costs requested for these depositions stem from the fact that defendants incurred expenses to obtain copies of such depositions. Defendants' request for costs associated with such copying is appropriate given the fact that, at the time the copies were made, it appeared reasonably necessary that such would be used either in preparation for litigation or in pretrial matters. This is especially true when considering the fact that these unused depositions, taken by Callicrate, were of persons employed by or representing the several defendants. There is no suggestion that defendants requested such copies in order to increase the costs of litigation or to place any burden on Callicrate.

4

Case 2:03-cv-02447-JWL   Document 238   Filed 06/27/06   Page 5 of 5

*Id.* The depositions for which defendant is seeking costs in this case satisfies the standard set forth in *Callicrate.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to disallow or reduce costs assessed (doc. #235) is denied.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

5